IN THE SUPREME COURT OF THE STATE OF DELAWARE

REGINALD A. WELLS, SR.,[1]      §
     §    No. 76, 2017
    Respondent Below,      §
    Appellant,      §    Court Below—Family Court of the
     §    State of Delaware
    v.      §
     §    File No. CK93–3723
KRISTEN A. QUEARY,      §    Petition No. 12–30546
     §
    Petitioner Below,      §
    Appellee.      §

Submitted: April 21, 2017
Decided: April 27, 2017

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 27th day of April 2017, it appears to the Court that:

(1)    On February 20, 2017, the Court received the appellant's notice of appeal from a Family Court order of January 9, 2017. Under title 10, section 1051 of the Delaware Code and Supreme Court Rule 6, a timely notice of appeal should have been filed on or before February 8, 2017.[2]

---

[1] The Court assigned pseudonyms to the parties under Supreme Court Rule 7(d).

[2] 10 *Del. C.* § 1051(a) (providing for the right of appeal to Supreme Court from a Family Court civil judgment); Del. Supr. Ct. R. 6(a)(i) (providing that a civil appeal must be filed within 30 days after entry upon the docket of the judgment on appeal).

(2)     On February 20, 2017, the Clerk issued a notice under Supreme Court Rule 29(b), directing the appellant to show cause why the appeal should not be dismissed as untimely filed. In a response and supplemental response to the notice to show cause, the appellant addresses the merit of his appeal but does not address the jurisdictional defect created by his untimely filing.

(3)     "It is fundamental that the appellate jurisdiction of this Court rests wholly upon the perfecting of an appeal within the period of limitations fixed by law."[3] To be effective, a notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period.[4] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional time requirement.[5]

(4)     The Court cannot consider an untimely appeal unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel.[6] The appellant has not made such a showing in this case. Thus, the Court concludes that the appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED that the appeal is DISMISSED.

BY THE COURT:

_____
Justice

---

[3] *Fisher v. Biggs*, 284 A.2d 117, 118 (Del. 1971).
[4] Del. Supr. Ct. R. 10(a).
[5] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[6] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

2